

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

---

*Nicholas P. Grippo*  
*Assistant United States Attorney*

402 E. State Street  
Trenton, New Jersey 08806

Direct Dial: (973)645-2915  
Facsimile:   (609)989-2275

October 8, 2013

Donald McCauley, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
1002 Broad Street
Newark, NJ 07101

*CR 14-279(AET)*

      Re:  Plea Agreement with DARRELL A. CARTER

Dear Mr. McCauley:

      This letter sets forth the plea agreement between your client, DARRELL A. CARTER, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire if it is not accepted in writing on or before November 8, 2013.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from DARRELL A. CARTER to a two-count Information, which will charge him with: (1) knowingly and willfully obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery, and committing and threatening physical violence to other persons in furtherance of a plan and purpose to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, in violation of Title 18, United States Code, Sections 1951(a), on or about November 23, 2012; and (2) knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, the Hobbs Acts robbery set forth in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. If DARRELL A. CARTER enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against DARRELL A. CARTER for his involvement in the armed robbery of the Target store in Union, New Jersey, on November 23, 2012, and for his using and carrying a firearm during and in relation to that robbery. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, DARRELL A. CARTER agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by DARRELL A. CARTER may be commenced against him, notwithstanding the expiration of the limitations period after DARRELL A. CARTER signs the agreement.

Sentencing

       The violation of 18 U.S.C. § 1951(a) charged in Count One to which DARRELL A. CARTER agrees to plead guilty carries a statutory maximum prison sentence of twenty (20) years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

       The violation of 18 U.S.C. § 924(c)(1)(A)(ii) charged in Count Two to which DARRELL A. CARTER agrees to plead guilty carries a statutory mandatory minimum prison sentence of eighty-four (84) months and a statutory maximum prison sentence of life imprisonment, which term of imprisonment must run consecutively to any other prison terms imposed, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence on each count <u>must</u> run consecutively.

       The sentence to be imposed upon DARRELL A. CARTER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence DARRELL A. CARTER ultimately will receive.

       Further, in addition to imposing any other penalty on DARRELL A. CARTER, the sentencing judge: (1) will order DARRELL A. CARTER to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order DARRELL A. CARTER to pay restitution pursuant to 18 U.S.C. § 3663 <u>et seq</u>.; and (3) pursuant to 18 U.S.C. § 3583 may require DARRELL A. CARTER to serve a term of supervised release of not more than three (3) years on Count One and not more than five (5) years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should DARRELL A. CARTER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DARRELL A. CARTER may be sentenced to not more than two (2) years' imprisonment on Count One and not more than five (5) years' imprisonment on Count Two in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

2

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DARRELL A. CARTER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DARRELL A. CARTER's activities and relevant conduct with respect to this case.

Stipulations

This Office and DARRELL A. CARTER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or DARRELL A. CARTER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and DARRELL A. CARTER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration

3

consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DARRELL A. CARTER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against DARRELL A. CARTER.

## No Other Promises

This agreement constitutes the plea agreement between DARRELL A. CARTER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: NICHOLAS P. GRIPPO
JONATHAN ROMANKOW
Assistant United States Attorneys

APPROVED:

LISA M. COLONE
Chief, General Crimes Unit

4

I have received this letter from my attorney, Donald McCauley, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____ Date: 4/1/14
DARRELL A. CARTER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 4/1/14
DONALD MCCAULEY, ESQ.
Peter M. Carter

5

Plea Agreement With DARRELL A. CARTER

Schedule A

1. This Office and DARRELL A. CARTER recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and DARRELL A. CARTER nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence DARRELL A. CARTER within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and DARRELL A. CARTER further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case. The applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a Base Offense Level of 20.

3. Specific Offense Characteristic 2B3.1(b)(2)(C) would ordinarily apply because a firearm was brandished and possessed, except that DARRELL A. CARTER is pleading guilty to Count Two. See U.S.S.G. § 2K2.4, Application Note 4.

4. Specific Offense Characteristic 2B3.1(b)(4)(B) applies because at least one person was physically restrained to facilitate commission of the offense and to facilitate escape. This Specific Offense Characteristic results in an increase of 2 levels.

5. Specific Offense Characteristic 2B3.1(b)(7)(C) applies because the loss exceeded $50,000 but was less than $250,000. This Specific Offense Characteristic results in an increase of 2 levels.

6. The adjusted base offense level for this offense is 24.

Acceptance of Responsibility

7. As of the date of this letter, DARRELL A. CARTER has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DARRELL A. CARTER's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, DARRELL A. CARTER has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in DARRELL A. CARTER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) DARRELL A. CARTER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that

DARRELL A. CARTER's acceptance of responsibility has continued through the date of sentencing and DARRELL A. CARTER therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) DARRELL A. CARTER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to DARRELL A. CARTER for the violation of 18 U.S.C. § 1951(a), as charged in Count One, is 21.

Brandishing a Firearm During and In Relation To A Crime of Violence, Namely, the Hobbs Act Robbery Charged in Count One

10. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case. The applicable guideline is U.S.S.G. § 2K2.4(b). This guideline sets the guideline sentence as the minimum term of imprisonment required by the statute, which in this case is 84 months.

11. Thus, the total Guidelines offense level applicable to DARRELL A. CARTER is the Guidelines range that results by adding 84 months to the minimum and maximum of the otherwise applicable Guidelines range determined for the violation of 18 U.S.C. § 1951(a) which, as set forth above, carries a total Guidelines offense level of 21.

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level as set forth in Paragraph 11 is reasonable.

13. DARRELL A. CARTER knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level as set forth in Paragraph 11. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level as set forth in Paragraph 11. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

7